UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:07-CR-00135-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ANTWON PARTIN | ) | |
| | ) | |

This matter is before the court on defendant's "motion and request for dismissal." (DE # 30.) Apparently, a detainer has been lodged with the North Carolina Department of Public Safety (where defendant is currently in custody) based on the issuance of this court's warrant for defendant's arrest for violating the conditions of his supervision. By way of the instant motion, defendant claims "that he is being denied a speedy trial on the probation violation," (id. at 2), and requests "that a final disposition on this matter be brought before this court on it's [sic] earliest date," (id.), and that "the court [] dismiss the charges with prejudice[,]" (id. at 3). Neither the Sixth Amendment right to speedy trial nor the Speedy Trial Act extends to supervised release revocation proceedings. United States v. Soles, 336 F. App'x 287, 289-90 (4th Cir. 2009) (per curiam). Furthermore, the Interstate Agreement on Detainers Act ("IADA"), 18 U.S.C. Appx. 2 § 2, Art. III(a), on which it appears defendant relies, does not apply to supervised release revocation detainers. See Carchman v. Nash, 473 U.S. 716, 726 (1985) ("A probation-violation charge, which does not accuse an individual with having committed a criminal offense in the sense of initiating a prosecution, thus does not come within the terms of Art. III [of the IADA].").

Accordingly, defendant's motion is DENIED.

This 17 October 2016.

                                        W. Earl Britt
                                        Senior U.S. District Judge